**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF  
STEPHANIE A. GALLAGHER  
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET  
BALTIMORE, MARYLAND 21201  
(410) 962-7780  
Fax (410) 962-1812

May 17, 2021

LETTER TO COUNSEL

    RE:    *Robin B. v. Saul*  
             Civil No. SAG-20-886

Dear Counsel:

      On April 3, 2020, Plaintiff Robin B. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits ("DIB"). ECF No. 1. I have considered the parties' cross-motions for summary judgment, supporting memoranda, and Plaintiff's reply. ECF Nos. 12, 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff filed her claim for DIB on April 19, 2016, alleging an onset date of June 1, 2014. Administrative Transcript ("Tr.") 179-82. Plaintiff's date last insured ("DLI") is March 31, 2018. Tr. 78, 88. Her claim was denied initially on September 22, 2016, and on reconsideration on January 27, 2017. Tr. 87, 105. On December 11, 2018, an Administrative Law Judge ("ALJ") held a hearing. Tr. 38-77. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 17-32. The Appeals Council denied Plaintiff's request for review, Tr. 1-3, so the ALJ's decision constitutes the final, reviewable decision of the SSA. 20 C.F.R. § 422.210(a).

      The ALJ found that Plaintiff, through her DLI, suffered from the severe impairments of "disorders of the spine, dysfunction of the major joints, depressive disorder, and anxiety disorder." Tr. 22. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform work as defined in 20 CFR 404.1567(b) except she could operate hand controls bilaterally on a frequent basis. She could frequently handle and finger bilaterally. She could occasionally climb stairs, climb ladders, balance, stoop, kneel, crouch, and crawl. [Plaintiff] could be off task 10% of the workday or workweek.

*Robin B. v. Saul*
Civil No. SAG-20-886
May 17, 2021
Page 2


Tr. 26. The ALJ found Plaintiff could perform her past relevant work as a receptionist and an appointment clerk through her DLI. Tr. 31. Therefore, the ALJ concluded Plaintiff was not disabled. Tr. 32.

Plaintiff raises two arguments on appeal: (1) that the ALJ erroneously assessed the medical opinion evidence, and (2) that the ALJ erred in evaluating the consistency of Plaintiff's subjective statements with the overall record. ECF No. 12. I agree that the ALJ erred in failing to consider the medical opinion offered by one of Plaintiff's treating physicians, Dr. Bhandary. *See* Pl.'s Mot. at 22-24; Pl.'s Resp. at 2-4 (citing *Bird v. Cmm'r of Soc. Sec. Admin.*, 699 F.3d 337 (4th Cir. 2012)). In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

"Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." *Bird*, 699 F.3d at 340 (citing *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987)). Whether a post-DLI medical opinion is appropriately considered depends upon whether "that evidence permits an inference of linkage with the claimant's pre-DLI condition." *Id.* at 341 (citing *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969)). Thus, where an ALJ fails to consider post-DLI evidence that "could be reflective of a possible and earlier progressive degeneration," remand is warranted. *See, e.g.*, *Moore*, 418 F.2d at 1226. Conversely, post-DLI evidence is irrelevant if it refers only to impairments lacking "objective medical evidence" of existence prior to the claimant's DLI. *See, e.g.*, *Johnson v. Barnhart*, 434 F.3d 650, 656 (4th Cir. 2005).

Plaintiff argues that the ALJ erred in failing to "engage in any discussion of Dr. Bhandary's November 27, 2018, opinion." Pl.'s Mot. at 23; *see* Tr. 1089-90. Plaintiff points out that Dr. Bhandary opined on relevant impairments and limitations including, but not limited to, Plaintiff's allegations of fibromyalgia, arthritis, brain fog, poor memory, and poor recall. Pl.'s Mot. at 22-24; Pl.'s Resp. at 2-4.

The Commissioner argues that the ALJ did not err in failing to consider Dr. Bhandary's opinion because the opinion was from "outside the relevant period the ALJ was required to consider." Def.'s Mot. at 9. The Commissioner also specifically argues that the ALJ did not err in failing to consider Dr. Bhandary's November 2018 opinion as to the existence or impact of Plaintiff's fibromyalgia because the ALJ found that this impairment was not medically determinable prior to Plaintiff's DLI. Def.'s Mot. at 9-10; *see* Tr. 24 (finding Plaintiff's alleged fibromyalgia was not medically determinable because "it was not properly diagnosed in accordance with SSR 12-2p"). He also contends that though Dr. Bhandary's opinion discussed Plaintiff's poor memory, brain fog, poor recall, and difficulty finding words, the ALJ's failure to consider the opinion was not in error because the ALJ otherwise considered Plaintiff's mental

*Robin B. v. Saul*
Civil No. SAG-20-886
May 17, 2021
Page 3

limitations and found Plaintiff "could be off task 10% of the workday or workweek."[1]  Def.'s Mot. at 10-11.

The Commissioner's argument, at least with respect to the mental limitations, underscores the ALJ's deficient analysis in this case.  The Commissioner points out that Dr. Bhandary's opinion did contain discussion of mental limitations relevant to Plaintiff's pre-DLI condition.  But the fact that the ALJ otherwise discussed these relevant limitations does not save this case from remand under *Bird*.  It is precisely the existence of that other evidence that gives rise to the ALJ's error because that evidence "permits an inference of linkage with the claimant's pre-DLI condition." *See Bird*, 699 F.3d at 341.  Despite this inference of linkage—and the ALJ's specific admission of this opinion into evidence, Tr. 43—the ALJ's decision contains no discussion at all of Dr. Bhandary's opinion, *see* Tr. 20-31.  In the decision, the ALJ acknowledged the exhibit containing the opinion only to discuss the treatment notes also contained therein, his limited review strongly implied by his reference to Dr. Bhandary's submissions "[f]rom July 2016 to February 2018."  Tr. 27-30.  In contrast, the ALJ specifically discussed other records from "[a] few months after the [DLI]."  Tr. 29.  Nowhere in that section does the ALJ reference Dr. Bhandary's November 2018 opinion. *See* Tr. 29.

Dr. Bhandary's opinion, moreover, is linked to Plaintiff's pre-DLI conditions in other important respects.  First, Dr. Bhandary is one of Plaintiff's treating physicians.  Indeed, the record contains treatment notes submitted by his office dating as far back as July 2016.  Tr. 1098-1100.  Second, Dr. Bhandary's opinion contained the following relevant evidence:

> Patient is a 49-year-old female who has suffered from . . . arthritis.  For [sic] the last several years and is under the care of rheumatologists.  She also has lumbar sacral disc disease and back pain and is under the care of spine and pain management specialists.  She also has lumbar sacral disc disease and back pain and is under the care of spine and pain management specialists. . . . Patient has had low back pain which has been radiating down to her legs and hips.  She has been under chronic pain management[,] as well as intermittent bouts of exacerbations being treated with epidural injections.  She is not able to stand or sit for long periods of time[,] and she gets severe pain in the lower extremities when she walks all [sic] lies down flat. . . . She also has poor memory and recall ability at times and brain fog with periods of struggling to find words and short term memory loss. . . . She is not able to walk long distances. . . . She has seen numerous physicians and has had hospitalizations and admissions. . . . She is being treated by pain management for both fibromyalgia and lumbar sacral disc disease.  In addition to all this patient

---

[1] Plaintiff does not argue the specific 10% off-task limitation is unsupported by substantial evidence. *See* Pl.'s Mot.; Pl.'s Resp.  Thus, I did not consider this argument, though numerous decisions of this Court have found such conclusory limitations unsupported by substantial evidence. *See, e.g.*, *Bibey v. Saul*, No. 19-cv-2690-JMC, 2020 WL 7694552 (D. Md. Dec. 28, 2020) ("an ALJ is not required to determine a percentage of time off-task . . . [but] where, as here, the evidence substantiates a difficulty with sustained concentration and the ALJ renders a conclusion regarding a precise percentage, the ALJ must explain and support that conclusion with substantial evidence").

*Robin B. v. Saul*
Civil No. SAG-20-886
May 17, 2021
Page 4

> has . . . side effects from medications, including narcotics that he has taken over a period of many years which have affected and impaired her ability to function.

Tr. 1089-90. The ALJ found that Plaintiff was severely impaired by "disorders of the spine, dysfunction of the major joints, depressive disorder, and anxiety disorder." Tr. 22. Dr. Bhandary's opinion clearly "permits an inference of linkage" to Plaintiff's spine and major joint impairments. *See Bird*, 699 F.3d at 341. Perhaps on remand the ALJ can explain how Dr. Bhandary's opinion is irrelevant or is otherwise entitled to little persuasive weight. However, considering Dr. Bhandary's opinion on impairments existing prior to Plaintiff's DLI and the absence of such an explanation in the current decision, remand is warranted.

Finally, because the case is being remanded on other grounds, I need not address Plaintiff's argument that the ALJ erred in assessing her subjective complaints. On remand, the ALJ can consider this argument and make any required adjustments to the opinion.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 12, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 13, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                                     Sincerely yours,

                                                     /s/
                                          Stephanie A. Gallagher
                                          United States District Judge